UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>          Plaintiff,<br>v.<br>THOMAS R. KANE, et al.,<br>          Defendants. | No. 1:19-cv-00467-DAD-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE UNDER SEAL ATTORNEY DECLARATION OF IDENTITY**<br>(Doc. 16) |

    Currently before the Court is the request of Plaintiff John Doe ("Plaintiff") to file under seal, pursuant to Local Rule 141, an Attorney Declaration of Identity to identify Plaintiff for the Court. (Doc. 16.) For the reasons that follow, Plaintiff's request is GRANTED.[1]

    "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." Id. at 1180. This "federal common law right of access" to court

---

[1] Plaintiff's motion to proceed under a pseudonym, filed on April 10, 2019, remains pending with the Court. (Doc. 2.) The motion will be addressed following service of the complaint and after defendants have had an opportunity to respond to the motion.

1

documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana, 447 F.3d at 1179; see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard, which is applicable here, presents a lower burden for the party wishing to seal documents. Pintos, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips, 307 F.3d at 1213).

Plaintiff asserts that there is good cause to file the attorney declaration of Plaintiff's identity under seal because this matter "involves highly sensitive and private information about John Doe, Federal Bureau of Prisons ("BOP") operations, allegations of physical abuse, and allegations of ongoing retaliation." (Doc. 16 at 1.) Plaintiff states that this matter requires John Doe be identified for the Court, but he seeks to prevent further public disclosure of his status and allegations of staff abuse. (Id. at 2.)

Having considered the moving papers and document at issue, the Court concludes that Plaintiff has sufficiently shown good cause for filing the document under seal at this time. Accordingly, good cause being shown, Plaintiff's request to seal is HEREBY GRANTED. The Court orders that Plaintiff's Attorney Declaration of Identity be filed and maintained under seal. Plaintiff shall e-mail the document requested to be sealed to ApprovedSealed@caed.uscourts.gov for filing under seal in compliance with Local Rule 141.

IT IS SO ORDERED.

Dated: **August 8, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE