|     |     |
| --- | --- |
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| JOHN DOE,<br>　　　　Plaintiff,<br>　　v.<br>THOMAS R. KANE, et al.,<br>　　　　Defendants. | No. 1:19-cv-00467-DAD-BAM<br><br>**ORDER DENYING MOTION TO ORDER SERVICE OF SUMMONS BY U.S. MARSHALS**<br><br>(Doc. No. 27) |

Currently before the Court is Plaintiff John Doe's ("Plaintiff") motion to order the United States Marshals Service to serve the summons and complaint on Defendants Thomas R. Kane, Andrew Matevousian, Devin Blocher, Boudreau, Deborah G. Schult, and Mary Mitchell ("Defendants"). (Doc. No. 27.) The Court finds the motion suitable for resolution without oral argument and the matter is deemed submitted pursuant to Local Rule 230(g). Having considered the motion, Plaintiff's status report regarding service of the summons (Doc. No. 32), as well as the entire record in this case, the Court DENIES the motion.

Under 28 U.S.C. § 1915, the Court may authorize a party to proceed in forma pauperis, or without prepayment of fees, in an action or proceeding, if the party submits an affidavit showing the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). If such authorization is granted, the Court may direct payment by the United States of certain expenses, and the United States Marshal is directed to serve all process in the case. 28 U.S.C. § 1915(c), (d). If such authorization is denied, the plaintiff is not automatically entitled to have the United States Marshal serve defendants. Fed. R. Civ. P. 4(c)(2). If a plaintiff is not proceeding in forma pauperis, it is within the Court's discretion to order that service be made by the United States Marshal at the plaintiff's request. Fed. R. Civ. P. 4(c)(3); *Washington v. Early*, 2009 WL 959796, at *1 (E.D. Cal. Apr. 7, 2009).

1

Plaintiff is not proceeding in forma pauperis in this action because Plaintiff paid the filing fee on April 10, 2019. (Doc. No. 1.) Additionally, Plaintiff has not submitted any affidavit showing that he is entitled to proceed in forma pauperis in this action. Plaintiff instead argues that the United States Marshal should be directed to serve process because he has been unable to locate the individual Defendants who are current or former employees of the Federal Bureau of Prisons.

The Court declines to exercise its discretion to direct the United States Marshal to serve process in this case. Plaintiff is not proceeding in forma pauperis and is not entitled to have the United States Marshal serve Defendants. Additionally, based on the number of cases filed in this district by in forma pauperis plaintiffs and the number of criminal defendants in the district, the United States Marshals Service is overburdened and understaffed. *See also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("Congress intended [the 1987 amendments to Rule 4(c)] to relieve the marshal of the duty of routinely serving summon and complaints for private parties in civil actions.") Moreover, in serving process, the United States Marshal does not investigate a party's location. Plaintiff would instead be required to provide Defendants' locations to the United States Marshal in order to accomplish service. Here, Plaintiff concedes that he is unaware of Defendants' locations. Thus, directing the United States Marshal to serve process would be futile.

Plaintiff is again reminded of Plaintiff's obligation under Rule 4(m). If service is not completed within 30 days, this Court will recommend dismissal without prejudice of unserved defendants.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to order the United States Marshals Service to serve the summons and complaint on Defendants (Doc. No. 27) is DENIED.
IT IS SO ORDERED.

Dated: **November 7, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2