UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS R. KANE, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00467-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO SERVE, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(Doc. Nos. 21, 23, 29, 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

On April 10, 2019, Plaintiff John Doe ("Plaintiff"), proceeding through counsel, initiated this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants Thomas R. Kane, Andre Matevousian, Devin Blocher, Boudreau, Deborah G. Schult, and Mary Mitchell ("Defendants"). (Doc. No. 1.) Summonses and civil new case documents were issued on April 12, 2019, and the Court set an Initial Scheduling Conference for July 11, 2019, before the undersigned. (Doc. Nos. 3, 4.)

On July 3, 2019, Plaintiff filed a motion to continue the Initial Scheduling Conference on the grounds that he needed an additional thirty (30) days to serve Defendants. (Doc. No. 12.) The Court granted the motion and continued the Initial Scheduling Conference to August 13, 2019. (Doc. No. 13.)

As of August 7, 2019, no proofs of service had been filed and none of the Defendants had appeared in the action. The Court therefore converted the Initial Scheduling Conference to a telephonic status conference regarding the status of service on Defendants. (Doc. No. 15.) On August 13, 2019, the morning of the status conference, Plaintiff filed a motion seeking a ninety

(90) day extension of time to serve Defendants with the summons and complaint. (Doc. No. 19.)

The Court held a telephonic status conference with Plaintiff's counsel Ian Wallach and EJ Hurst on August 13, 2019. (Doc. Nos. 20, 21.) The Court discussed its concerns regarding the status of service on Defendants and the corresponding delay in the case. (Doc. No. 21.) Mr. Hurst further represented that Plaintiff intended to amend the complaint on or before August 16, 2019. (*Id.*)

On August 15, 2019, the Court issued an order granting in part and denying in part Plaintiff's motion to extend the time for service of the summons and complaint and ordered Plaintiff to serve Defendants by no later than September 12, 2019. (Doc. No. 23.) However, the Court's order noted that it was not intended to address whether or not good cause existed for Plaintiff's failure to effectuate service within 90 days, whether the delay in service is excused, or the effect that the filing of an amended complaint, if any, may have on the time for service under Federal Rule of Civil Procedure 4(m). (*Id.*) On August 16, 2019, Plaintiff filed a First Amended Complaint against all Defendants except Thomas R. Kane. (Doc. No. 24.)

Plaintiff did not file any proofs of service indicating service had been accomplished by September 12, 2019, and none of the Defendants had appeared in the action as of that date. Accordingly, On September 23, 2019, the Court set a status conference for October 10, 2019, regarding the status of service on Defendants. (Doc. No. 25.) On October 10, 2019, the morning of the status conference, Plaintiff filed a motion seeking an order requiring the United States Marshal Service to serve Defendants with the summons and complaint. (Doc. Nos. 26, 27.) According to Plaintiff's motion, Defendant Boudreau had been served by substituted service on September 11, 2019. (Doc. No. 26.) Plaintiff provided a proof of service for Defendant Boudreau but indicated that Defendants Andre Matevousian, Devin Blocher, Mary Mitchell, and Deborah Schult had not been served. (*Id.*)

The Court held a telephonic status conference with Plaintiff's counsel EJ Hurst on October 10, 2019. (Doc. No. 28, 29.) Mr. Hurst agreed to file appropriate dismissal documents for Thomas R. Kane by October 10, 2019, as he was still listed as a defendant on the Court's docket. (Doc. No. 29.) The Court further discussed its initial concerns with Plaintiff's motion for an order

requiring the United States Marshal Service to accomplish service, including whether Plaintiff has made diligent and exhaustive attempts to locate and serve Defendants. (*Id.*) The Court ordered Plaintiff to submit a status report regarding all attempts made and procedures used to locate and serve each Defendant on or before October 31, 2019. (*Id.*) On October 31, 2019, Plaintiff filed a motion for a one-day extension of time to file his status report regarding the attempts made to serve Defendants in this case. (Doc. No. 30.) The Court granted Plaintiff's request on November 1, 2019, and Plaintiff filed his status report the same day. (Doc. Nos. 31, 32.)

On November 7, 2019, the Court issued an order denying Plaintiff's motion for an order directing the United States Marshal's Service to serve Defendants with the summons and complaint. (Doc. No. 33.) The Court declined to exercise its discretion to direct the United States Marshal to serve process in this case because Plaintiff is not proceeding in forma pauperis and the United States Marshals Service is overburdened and understaffed. (*Id.*) Moreover, the United States Marshal Service does not investigate a party's location and Plaintiff conceded in the motion that he is unaware of the unserved Defendants' locations. (*Id.*) The Court reminded Plaintiff of his obligations under Federal Rule of Civil Procedure 4(m) and cautioned that if service was not completed within thirty (30) days, the Court would recommend dismissal without prejudice of unserved Defendants. (*Id.*)

To date, Plaintiff's counsel has not filed any further proofs of service or status reports regarding service of the summons and complaint and none of the Defendants have appeared in this action.

**II.     Discussion**

**A.     Legal Standard**

Under Rule 4(e), service of process can be made on an individual within a judicial district of the United States by following state law for serving a summons or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2); *see also Moore v. Lacy,* 2010 WL 5644658, at *9 (S.D. Cal. Dec. 17, 2010) ("In a *Bivens* suit, plaintiffs must comply with Rule 4(e), not Rule 4(i), to effect service."). Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "[Rule 4(m)] requires a district court to grant an extension of time [for service] if good cause is shown and permits the district court to grant such an extension even absent good cause." *Mann v. American Airlines,* 324 F.3d 1088, 1090 fn. 2 (9th Cir. 2003). "At a minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991). Whether good cause for the delay has been shown is determined on a case by case basis. *Oyama v. Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001).

Federal Rule of Civil Procedure 41(b) further permits a district court to dismiss an action if the plaintiff fails to prosecute his or her case. Fed. R. Civ. P. 41(b). Likewise, Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court

4

order). In determining whether to dismiss an action for failure to prosecute an action, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Analysis**

Plaintiff has not shown excusable neglect for his failure to serve defendants under Rule 4(m). Plaintiff's complaint was filed on April 10, 2019, and his amended complaint was filed on August 16, 2019. (Doc. Nos. 1, 24.) The amended complaint omitted Defendant Kane but otherwise named the same Defendants as were named in the original complaint and set forth the same operative facts. (*See id.*) Accordingly, the 90-day window for service has long since passed. *See Thai v. United States,* 2016 WL 1585135, at *2 (S.D. Cal. Mar. 15, 2016) ("With regard to originally named defendants, the filing of an amended complaint does not restart the service period against a defendant named in the original complaint under Rule 4(m).").

Plaintiff has not filed any proofs of service for Defendants Thomas R. Kane, Andre Matevousian, Devin Blocher, Deborah G. Schult, and Mary Mitchell or otherwise indicated that these Defendants have been successfully served. Plaintiff did file a proof of service indicating that Defendant Boudreau was served by delivering a copy of the summons and complaint to "A. Garrison, Front Desk, United States Penitentiary, Atwater, who is designated by law to accept service of process on [Defendant Boudreau's] behalf," on September 11, 2019. (*See* Doc. No. 26-1.) However, the Ninth Circuit has held that, "where money damages are sought through a *Bivens* claim, personal service, and not service at the place of employment, is necessary to obtain jurisdiction over a defendant in his capacity as an individual." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987); *see also Jercich v. County of Merced,* 2006 WL 3747184, at *5 (E.D. Cal. 2006) ("Service at a person's place of employment is generally insufficient if the claim is against a defendant in his individual capacity alone.") (citing *Daly-Murphy,* 837 F.2d at 355.). As Plaintiff has not provided any proof of personal service upon Defendant Boudreau, it

appears this defendant has not been properly served.[1]

It has been over a year since this action was filed and more than seven months since Plaintiff last provided any information regarding his attempts to serve Defendants. Plaintiff's most recent status report dated November 1, 2019, indicates that he was not able to serve Defendants at their last known addresses. (Doc. No. 32.) Plaintiff's efforts to locate Defendants through online address searches, review of news media and retired employee resources, and conversations with the Bureau of Federal Prisons' Western Regional Office Human Resources director and litigation counsel have been unsuccessful. (*Id.*) While the Bureau of Federal Prisons' litigation counsel indicated that the Defendants might be located through Freedom of Information Act ("FOIA") requests or by seeking early discovery by subpoena, Plaintiff's counsel stated that, in his experience, it is "extremely unlikely" that a FOIA request would yield employee information. (*Id.*) Therefore, it does not appear he has pursued such a request. Likewise, Plaintiff has not requested leave to conduct early discovery in order to obtain information regarding the unserved Defendants' locations and does not appear to have made any other efforts to locate and serve Defendants.

In these circumstances, the Court finds that there is no good cause to further extend the deadline for service. The Court additionally declines to exercise its discretion to grant such an extension without good cause as it appears that doing so would be futile. As none of the Defendants have been served with the summons and complaint, despite a year since filing and numerous admonitions from the Court, this action should instead be dismissed without prejudice for failure to serve.

With respect to the factors relevant to dismissal for failure to prosecute and failure to obey a court order, service is long overdue and Plaintiff has failed to comply with the Court's orders.

---

[1] "[S]ubstantial compliance with the service requirements of Rule 4 is sufficient so long as the opposing party receives sufficient notice[.]" *Daly-Murphy v. Winston,* 837 F.2d 348, 355 n. 4 (9th Cir. 1987). However, for the sufficient notice exception to apply, there must be a "justifiable excuse for the failure to serve properly." *Borzerka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Plaintiff has not substantially complied with the service requirements of Rule 4 because none of the Defendants have appeared in this action or otherwise responded to Plaintiff's allegations and there is no other indication any of the Defendants received notice of the complaint at all. Likewise, Plaintiff's counsel has not provided a "justifiable excuse" for his failure to comply with Rule 4. Plaintiff appears to have instead disregarded the Court's earlier orders and ceased pursuing service of the Defendants.

1    The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the
2    Court finds that both the first and second factors weigh in favor of dismissal.

3        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, as a
4    presumption of injury arises from the occurrence of unreasonable delay in prosecuting
5    an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually
6    weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v.*
7    *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party
8    whose responsibility it is to move a case toward disposition on the merits but whose conduct
9    impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA)*
10   *Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

11       Finally, the Court's warning to a party that failure to obey the court's order will result
12   in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at
13   1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 7, 2019
14   order expressly warned Plaintiff that his failure to effect service within thirty (30) days would
15   result in a recommendation of dismissal without prejudice of any unserved defendants. (Doc. No.
16   33.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

17       Additionally, at this stage in the proceedings there is little available to the Court that
18   would constitute a satisfactory lesser sanction while protecting the Court from further
19   unnecessary expenditure of its scarce resources. Monetary sanctions and the preclusion of
20   evidence or witnesses are of little use and likely to have no effect given that Plaintiff has ceased
21   litigating his case.

22       **III.**    **Conclusion and Recommendation**

23       Accordingly, for the reasons explained above, it is HEREBY RECOMMENDED that this
24   action be dismissed without prejudice for the failure to serve Defendants, failure to obey a court
25   order, and failure to prosecute.

26       These Findings and Recommendations will be submitted to the United States District
27   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
28   **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

7

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 11, 2020**            /s/ Barbara A. McAuliffe            
                                    UNITED STATES MAGISTRATE JUDGE