UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>      v.<br><br>THOMAS R. KANE, et al.,<br><br>              Defendants. | No. 1:19-cv-00467-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 35) |

On April 10, 2019, plaintiff John Doe, proceeding through counsel, initiated this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against various individually named defendants, each of whom is allegedly an employee of the U.S. Bureau of Prisons ("BOP").[1] (Doc. No. 1.) Plaintiff alleges that while in the custody of the BOP, he received inadequate medical care and was also the victim of excessive use of force. (*See generally* Doc. No. 24.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

---

[1] On April 10, 2019, plaintiff also filed a motion to proceed pseudonymously in this action. (*See* Doc. No. 2.) As a result of plaintiff's repeated failures to serve the defendants in this action, that motion remains pending before the court. Because the court will adopt the pending findings and recommendations recommending the dismissal of this action without prejudice due to plaintiff's failure to serve the named defendants and his failures to prosecute this action and obey court orders, it will also deny plaintiff's motion to proceed pseudonymously as having been rendered moot.

1

1   On June 12, 2020, the assigned magistrate judge issued the pending findings and
2   recommendations, recommending that this action be dismissed without prejudice due to
3   plaintiff's failures to serve defendants, to obey a court orders, and to prosecute this action.  (Doc.
4   No. 35.)  On June 25, 2020, plaintiff filed his objections to the pending findings and
5   recommendations.  (Doc. No. 36.)
6   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
7   *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's
8   objections, the court finds the findings and recommendations are supported by the record and by
9   proper analysis.
10   In his objections, plaintiff's counsel raise several arguments, none of which address the
11   magistrate judge's findings that plaintiff failed to prosecute this action, to comply with court
12   orders, and to serve the defendants in this action, which the undersigned notes has been pending
13   before this court for almost sixteen months.  Plaintiff's counsel first argues that plaintiff "has not
14   ceased litigation," noting that "negligence claims against the United States involving these exact
15   acts, actors, evidence are now also ripe for a separate but joinable complaint, under the Federal
16   Tort Claims Act."[2]  (*Id.* at 2.)  Plaintiff's counsel notes that they "also will seek discovery to test
17   whether as-yet withheld information supports added allegations of civil racketeering against the
18   Federal Bureau of Prisons . . . and specific staffers around the country . . .."  (*Id.*)  Plaintiff's
19   counsel also argues that there is no risk of prejudice to the defendants due to his lack of
20   prosecuting this action because "defendant United States" has "exclusive [] control over most
21   relevant information," and that plaintiff "suffers the same risks of spoliation as do the instant
22   defendants and the soon to be related-and hopefully joined Defendant United States."  (*Id.* at 2–
23   3.)  Plaintiff's counsel contends that plaintiff "is himself prejudiced by the BOP's . . . control [of]
24   access to information about where in the country to find its employees—including the instant

---

[2]  Plaintiff John Doe has filed a separate FTCA suit against the United States, in which the plaintiff is represented by the same counsel appearing on plaintiff's behalf in this action.  *See Doe v. United States*, 1:20-cv-01052-NONE-SAB (filed on July 29, 2020).  This later filed action appears to be the "separate" complaint that plaintiff's counsel refers to here.  (*See id.* at Doc. No. 4) (notifying the court that the later filed action is related to this action).

2

defendants." (*Id.* at 3.) Finally, plaintiff's counsel argues that, "while less important, . . . [his] counsel's solo practice status contributed to a slower approach than larger firms can provide," and that "personal illness interrupted activities," namely that plaintiff's counsel "suffered double pneumonia and a related broken rib (from coughing) between October 2018 and April 2019" and that a "similar illness, between about November 2019 and January 2020, caused further delay." (*Id.* at 5.)

The court is confused by plaintiff's objections. As an initial matter, the court notes that the pending action is a *Bivens* action against individually named defendants and that the United States is *not* a defendant in *this* action. Although "the evidence and proof in FTCA and *Bivens* claims often overlap," and litigants are therefore "encouraged to pursue their claims concurrently in the same action, instead of in separate actions," *Gasho v. United States*, 39 F.3d 1420, 1438 (9th Cir. 1994), here, plaintiff's counsel chose to initiate plaintiff's *Bivens* claims against the individual defendants in this action, and plaintiff's FTCA claims against the United States in a later and separately filed action. Thus, whether the actions overlap is of no import when addressing whether plaintiff has met his obligations through his counsel to prosecute *this* action and to obey court orders issued in *this* action in a timely manner. Moreover, the two actions were filed by counsel on plaintiff's behalf almost fifteen months apart. As noted in the pending findings and recommendations, despite seeking and being granted two extensions to serve the defendants in this action in July and August of 2019 (Doc. Nos. 12, 13, 19, 23), and despite the court holding status conferences in August of 2019 and again in October of 2019 at which time the assigned magistrate judge expressed concerns regarding the status of service on the defendants in this action (Doc. Nos. 21, 29), and despite the issuance of orders in August of 2019 directing plaintiff and his counsel to "serve Defendants with the summons and complaint by no later than September 12, 2019" and again in November of 2019 forewarning that "[i]f service if not completed" by December 7, 2019, "th[e] Court will recommend dismissal without prejudice" (Doc. Nos. 23, 33), plaintiff's counsel never filed any proofs of service indicating that the defendants in this action had been served. (Doc. No. 35 at 1–3.) Indeed, until the pending findings and recommendations were issued, and plaintiff's counsel filed objections thereto,

3

plaintiff's counsel had not updated the court *for almost seven months* with respect to whether service on the defendants of the summons and complaint in this action had been effectuated, nor did counsel otherwise communicate with the court.

      Setting aside the lack of any documentation supporting plaintiff's counsel's assertion that he suffered from an illness between October 2018 and April 2019, the court notes that the magistrate judge previously granted an extension to serve the defendants in this action, in part based on plaintiff's counsel's representation that he was suffering from an illness during the aforementioned time period.  (*See* Doc. No. 23.)  Now, plaintiff's counsel states again without any support that he experienced a "similar illness between about November 2019 and January 2020."  (Doc. No. 36 at 5.)  Even if the court were to credit this allegation, plaintiff's counsel does not allege that this alleged illness rendered him so debilitated that he could not have moved for an extension of time to comply with magistrate judge's November 7, 2019 order requiring plaintiff to effectuate service on the defendants by December 7, 2019, or otherwise communicate to the court the status of this case.  Certainly, based on plaintiff's counsel's own argument, he could have updated the court in February, March, or April of 2020 that he was ill between November 2019 and January 2020 and therefore could not comply with the court's order, but he did not do so.  Instead, plaintiff's counsel waited until the pending findings and recommendations were issued to inform the court of his alleged illness, while also noting that his "solo practice status contributed to a slower approach than larger firms can provide."  (Doc. No. 26 at 5.)  This explanation, of course, falls far short of the standard set forth in Federal Rule of Civil Procedure 4(m), which requires "the court—on motion or on its own after notice to the plaintiff—[to] dismiss the action without prejudice against th[e] defendants[s]," if "a defendant is not served within 90 days after the complaint is filed," unless "the plaintiff shows good cause for the failure" to serve.  Here, plaintiff's counsel has failed to show good cause for the long–standing failure to serve the defendants in this action.  Rather, plaintiff and his counsel were granted several opportunities to effectuate service on the defendants in this action over the past sixteen months and have repeatedly failed to do so.

/////

4

Accordingly,

1. The June 12, 2020 findings and recommendations are adopted in full;
2. This action is dismissed without prejudice due to plaintiff's failures to serve the defendants in this action, to prosecute this action, and to comply with court orders;
3. Plaintiff's motion to proceed under a pseudonym (Doc. No. 2) is denied as having been rendered moot by the issuance of this order; and
4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **August 3, 2020**

UNITED STATES DISTRICT JUDGE